**DISMISS; Opinion Filed June 1, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-14-01444-CV

**MARY HARP SHANKLES, Appellant**

**V.**

**J. DON GORDON, HYNDS & GORDON, P.C., DAVID N. MCNEES, Appellees**

**On Appeal from the County Court at Law No. 5**
**Dallas County, Texas**
**Trial Court Cause No. CC-13-05746-E**

## MEMORANDUM OPINION

Before Justices Bridges, Brown, and Stoddart
Opinion by Justice Stoddart

Mary Harp Shankles appeals the trial court's order granting the motions to dismiss filed by appellees J. Don Gordon, Hynds & Gordon, P.C., and David N. McNees. We dismiss this appeal for lack of jurisdiction.

Shankles sued appellees for professional negligence, breach of fiduciary duty, and breach of an implied covenant of good faith and fair dealing. Appellees filed motions to dismiss Shankles's claims for breach of fiduciary duty and breach of the implied duty of good faith and fair dealing pursuant to chapter 27 of the civil practice and remedies code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §27.003(a). The trial court granted the motions and ordered that appellees recover their costs, fees, and expenses "in amounts to be determined at a later date." Neither the

motions to dismiss nor the trial court's order granting the motions addressed Shankles's claim for professional negligence.

Generally, courts of appeals have jurisdiction only over appeals from final judgments. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A final judgment is one that disposes of all pending parties and claims. *Id.* Appellate courts have jurisdiction over interlocutory orders only when that authority is explicitly granted by statute. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007); *Better Bus. Bureau of Metro. Dallas, Inc. v. BH DFW*, *Inc.,* 402 S.W.3d 299, 306 (Tex. App—Dallas 2013, no pet.). Statutes authorizing interlocutory appeals are strictly construed because they are narrow exceptions to the general rule that interlocutory orders are not immediately appealable. *CMH Homes v. Perez,* 340 S.W.3d 444, 447 (Tex. 2011).

Because the trial court's order did not dispose of all pending parties and claims, no final judgment has been entered in this case. Therefore, we only have jurisdiction over this appeal if authorized by statute.

Section 51.014(a)(12) of the civil practice and remedies code states a person may appeal from an interlocutory order of a county court at law that "denies a motion to dismiss filed under Section 27.003." TEX. CIV. PRAC. & REM. CODE ANN. §51.014(a)(12). The statute does not permit an interlocutory appeal of an order granting a motion to dismiss under section 27.003, which the trial court's order did in this case. Consequently, the statute does not confer jurisdiction upon this court.

We dismiss this appeal for lack of jurisdiction.

/Craig Stoddart/

CRAIG STODDART
JUSTICE

141444F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

MARY HARP SHANKLES, Appellant

No. 05-14-01444-CV     V.

J. DON GORDON, HYNDS & GORDON, P.C., DAVID N. MCNEES, Appellees

On Appeal from the County Court at Law No. 5, Dallas County, Texas
Trial Court Cause No. CC-13-05746-E.
Opinion delivered by Justice Stoddart.
Justices Bridges and Brown participating.

In accordance with this Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

It is **ORDERED** that appellees J. Don Gordon, Hynds & Gordon, P.C., and David N. McNees recover their costs of this appeal from appellant Mary Harp Shankles.

Judgment entered this 1st day of June, 2015.